THE MARYLAND AGRICULTURAL COLLEGE *vs.* THOMAS J. KEATING, Comptroller.

*Act of 1856, ch. 97, chartering the Maryland Agricultural College—Acts of 1880, ch. 431, and 1880, ch. 432, making Appropriations for the Support of the Government—Sec. 29, of Art. 3, of the Constitution— Withdrawal of Endowment of Agricultural College.*

The Act of 1856, ch. 97, entitled " An Act to establish and endow an Agricultural College in the State of Maryland," by its eighth section provided that " the stockholders under the name and style of the Maryland Agricultural College, shall be entitled from the Treasury of the State of Maryland, to the annual sum of six thousand dollars, which said annual sum of six thousand dollars is hereby appropriated out of any unappropriated money in the Treasury, as an annual endowment of the said Maryland Agricultural College." And by its eleventh section the right was reserved to the Legislature, at any future session, to withdraw any part, or all, of said endowment of six thousand dollars. The Act of 1880, ch. 431, entitled " An Act making appropriations for the support of the State Government for the fiscal year ending on the thirtieth day of September, eighteen hundred and eighty-one," appropriated " to the Maryland Agricultural College five thousand, nine hundred and ninety-nine dollars; " and the Act of 1880, ch. 432, with precisely the same title as the foregoing, save that eighteen hundred and eighty-two was substituted for eighteen hundred and eighty-one, appropriated " to the. Maryland Agricultural College, ·five dollars and no more." HELD :

1st. That the clauses in the Acts of 1880, chapters 431 and 432, making appropriations to the Agricultural College for the years 1881 and 1882, are not so foreign to the subject of the Acts, as indicated in their titles, as to be violative of sec. 29, of Art. 3, of the Constitution, which requires " that every law shall embrace but one subject, and that shall be described in its title."

2nd. That the effect of the Act of 1880, ch. 431, was to withdraw for the fiscal year ending the 30th September, 1881, the sum of one

Maryland Agricultural College *vs.* Keating, Comptroller.

dollar from the annual endowment granted the Agricultural College by its charter; and that the effect of the Act of 1880, ch. 432, was to withdraw from the College for the fiscal year ending the 30th of September, 1882, the entire endowment, save the sum of five dollars.

APPEAL from The Circuit Court for Anne Arundel County.

The case is stated in the opinion of the Court.

The cause was argued for the appellant, before BARTOL, C. J., STONE, ALVEY, and IRVING, J., and submitted for the appellee.

*Phil. H. Tuck,* and *William H. Tuck,* for the appellant.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Anne Arundel County refusing the prayer of the appellant for a *mandamus* to compel the appellee to pay certain sums of money mentioned in the petition which was dismissed.

The petition charges that the appellant is a corporation created by ch. 97, of the Acts of the General Assembly of Maryland, in the year 1856; and that, the eighth section of the Act of incorporation provides, that the "stockholders, under the name and style of the 'Maryland Agricultural College,' shall be entitled, from the Treasury of the State of Maryland, to the annual sum of six thousand dollars, which said annual sum of six thousand dollars is hereby appropriated out of any unappropriated money in the Treasury, as an annual endowment of the said Maryland Agricultural College."

It admits that by the eleventh section of its charter it is provided "that the General Assembly of Maryland

hereby reserves the right at any future session to withdraw any part or all of said endowment of six thousand dollars hereinbefore appropriated, or to repeal, vacate and make void, all and every part of the incorporation aforesaid, and all rights, privileges and immunities hereinbefore mentioned, and this endowment and donation of the six thousand dollars to be paid out of the Treasury, as hereinbefore provided for, shall cease to be paid."

It charges, that although sundry amendments have been made to the charter, from time to time, by the Legislature, no amendment has been passed withdrawing any part of the endowment. It avers, that from 1858 onward to 1880, the full amount of the endowment has been regularly paid ; but that by the Act of the General Assembly, ch. 431 of the Acts of 1880, being the general appropriation Act of that session, only five thousand nine hundred and ninety-nine dollars was appropriated to the College; and that by ch. 432 of the Acts of 1880, being the general appropriation Act for the fiscal year 1881–1882, "five dollars and no more" was appropriated to the College.

The appellant claims, that these appropriation Acts do not have the effect, and can not have the effect, of withdrawing from the College the endowment, or any part thereof, which the eighth section of its charter gave it, and *appropriated* to it; and prays for a *mandamus* to compel the payment of the one dollar withheld by the appropriation Act of 1880, ch. 431, and of the fifteen hundred dollars claimed to be due for the quarter ending on December 31st, 1881, being one-fourth of the six thousand dollars donated.

The appellant contends, that these two appropriation bills, or Acts of Assembly, do not have the effect of withdrawing the endowment or any part of it from the College, because the titles of the Acts do not embrace the subject, and the Acts are therefore not framed in pursuance of the

requirements of the 29th section of the third Article of the Constitution of the State.

The answer admits all the facts, but insists the endowment, to the extent mentioned in the two Acts of 1880 on the subject, has been effectually withdrawn, and that the 29th section of Article 3 of the Constitution of the State does not apply, and the Acts are not void by reason of any want of compliance with the requirements thereof.

The only question before us is whether that section of the Constitution has been so far violated that the attempted withdrawal of the endowment from the College has not been accomplished.

The eleventh section of the charter having reserved, in express terms, the right to withdraw, "at any future session," all or any part of the endowment granted by the charter, it is very clear, that the purpose of the Legislature was to keep the matter of the appropriation to the College under the constant supervision of the Legislature; so that at any subsequent session the same might be lessened or entirely withdrawn, as the condition of the College, or the exigencies of the State Treasury, might justify or require. It was intended to keep the institution under the eye of the Legislature, that its usefulness might be the subject of inquiry and consideration at each session of that body; that the endowment might be continued or withdrawn, in whole or in part, as the institution met, or failed to meet, the expectations of its benefactors. The intent of the Legislature to withdraw the whole donation, except the five dollars given, is so unmistakably expressed, that appellant's counsel admit that to be beyond controversy. They contend, however, that this intention has not been legally expressed, because no allusion is made in the title of the Acts to the appellant or its endowment.

Article 3, section 29, of the Constitution, directs that "every law enacted by the General Assembly shall em-

brace but one subject, and that shall be described in its title." This section has been so frequently considered and construed by this Court, and the evils against which it was intended to guard, have been so often mentioned and discussed, that it will not be necessary in this case to repeat or elaborate. In *Mayor and City Council vs. Reitz,* 50 *Md.,* 579, it is said, that, if the several sections of a law "refer to and are germane to the same subject-matter which is described in the title, it is considered as embracing but a single subject, and as satisfying the requirements of the Constitution in this respect." The same doctrine is announced in *County Commissioners of Dorchester County vs. Meekins,* 50 *Md.,* 41 ; and in numerous cases both before and later, the same principle is declared and maintained. Bringing the Acts of Assembly involved in this controversy to the test established by these decisions, we have no difficulty in saying, that the clauses in the Acts making appropriations to the Agricultural College for the years 1881 and 1882 are not so foreign to the subject of the Acts, as indicated in their titles, as to be violative of the 29th section of Article 3 of the Constitution.

Chapter 431, of the Acts of 1880, is entitled "An Act making appropriations for the support of the State Government for the fiscal year ending on the thirtieth day of September, eighteen hundred and eighty-one ;" and ch. 432 of the same year has precisely the same title, only substituting the fiscal year 1882, for 1881 in the other.

The appellee claims that these Acts are general appropriation Acts whereby all the obligations of the State already incurred, or that will be incurred during the particular fiscal year, may be paid by the disbursing officers of the State, and that when they only appropriate a part of the sum which has been appropriated by an Act of former and special appropriation, and by express terms declare that no more shall be paid, such language must

Maryland Agricultural College *vs.* Keating, Comptroller.

of necessity repeal *pro tanto* the special appropriation, annul the obligation, and operate as an inhibition upon the Treasury officials against paying more than the new and general appropriation allows. When we consider the object of the general appropriation bills, and the practice of the State always observed in respect to them, we can not doubt that the view of the appellee, which was adopted by the Circuit Court, was right; and that the petition was properly dismissed. Any other view would necessitate a title for a general appropriation law nearly, if not quite, as long and as cumbrous as the Act itself. When the Act, by its title, indicates that it is making provision for the support of the Government for the particular year mentioned, it means, and every body understands it to mean, that it is providing for all the demands upon, and necessities of, the State Government, not only for its officers' salaries, but also for all obligations already incurred by Acts of specific appropriation or that will contingently occur during the period provided for ; and *notice* is given by the title to all persons interested in such Acts to see to it that they are provided for in them.

If, by accident, some obligation of the State is omitted from the Act of general appropriation, whereby the salary of some officer provided for by special Act, or some donation made by another special Act, is not again provided for, and no mention is made in the general appropriation Act of such appropriation showing that the Legislature intended to take it away or to abate it, the implication which is now contended for would not arise. The entire silence of the later Act with reference to the subject would be conclusive that the Legislature did not have it in mind, and the specific appropriation would be paid, as was done in the two instances when this appellant was, by inadvertence, left out entirely of the appropriation Acts. By examining the Acts in question they will be found to provide, in accordance with uniform usage, for paying the

salaries of all officers, whether created by the Constitution or by statute ; and for the expenses incident to the offices authorized by law: for pensions; for all schools maintained in whole or in part by the State ; for all institutions of a punitive or reformatory character fostered by the State ; and for all contingent and miscellaneous expenses of, or demands on, the State.  The express withdrawal, therefore, in whole or in part, in an Act framed for the purposes just indicated, and the purpose of which is described, as mentioned, in the titles of those Acts, of an endowment such as is mentioned in the appellant's petition, accompanied with the explicit direction that *no more* is to be paid, must, from the very nature of the case, be effective to accomplish the legislative intent.   We do not think a formal Act of Assembly, either by way of charter amendment, or framed for the express purpose and so declared in the title, was necessary, as claimed by the appellant, to carry out the legislative will so clearly declared.   We think the subject-matter was so thoroughly germane to the object of the Acts indicated in the title, that the legislation respecting it was no violation of the Constitutional provision relied on.   The order of the Circuit Court refusing the *mandamus,* and dismissing the petition, will be affirmed.

*Order affirmed.*

(Decided 12th July, 1882.)